Bernice LASOVICK, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1591.

United States Court of Veterans Appeals.

July 1, 1993.

Before KRAMER, IVERS and STEINBERG, Judges.

**ORDER**

PER CURIAM.

Appellant appeals from a June 28, 1991, decision of the Board of Veterans' Appeals denying her claim for service connection for the cause of her veteran husband's death. Appellant asserts that the lymphoma which caused her husband's death was the result of his in-service exposure to ionizing radiation incident to his duties as a chemist working on the "Manhattan Project" in developing the atomic bomb. While this appeal was pending, the Court issued an opinion in *Combee v. Principi,* 4 Vet.App. 78 (1993), concluding that the Veterans' Dioxin and Radiation Exposure Compensation Standards Act, Pub.L. No. 98–542, 98 Stat. 2725 (1984) (1984 Act), and the Department of Veterans Affairs (VA) regulations implementing that law (38 C.F.R. § 3.311b (1992)) set forth the "exclusive" means (other than the presumptions of service connection in 38 U.S.C.A. § 1112(c) (West 1991)) for establishing service connection for a disease claimed to have resulted from exposure to ionizing radiation. The Court's decision in *Combee* is not expressly limited to claims based on any particular type of radiation exposure. Furthermore, the VA regulation which the Court upheld in *Combee* (§ 3.311b) by its terms applies to claims based on any type of radiation exposure. *See* 38 C.F.R. § 3.311b(a)(2)(iii) (1992).

This appeal has been assigned to this panel of the Court for disposition. The panel believes that additional briefing

would assist in its disposition of the appeal. On consideration of the foregoing, it is

ORDERED that the parties, not later than 30 days after the date of this order, submit supplemental briefs addressing the following issues:

 (1) Whether the claimant has filed a valid Notice of Disagreement, with respect to either or both of her claims for direct service connection and for presumptive service connection for lymphoma, on or after November 18, 1988, so as to give this Court jurisdiction over either or both of those claims under section 402 of the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)); *see Hamilton v. Brown,* 4 Vet.App. 528, 541–43 (1993) (where appellant had filed an NOD prior to November 18, 1988, as to claim for direct service connection for a particular disability, and an NOD after November 18, 1988, as to a claim for benefits under 38 U.S.C.A. § 1151 (West 1991) for the same disability, the Court had jurisdiction over only the latter claim).

(2) In light of the authority provided by the 1984 Act for the Secretary of Veterans Affairs (Secretary) to establish adjudication regulations with respect to claims based on radiation exposure resulting from either "the veteran's participation in atmospheric nuclear tests or ... the American occupation of Hiroshima or Nagasaki Japan, prior to July 1, 1946" (Pub.L. No. 98–542, § 5(a)(1)(B), 98 Stat. at 2727), whereas 38 C.F.R. § 3.311b establishes special adjudication procedures with respect to claims based on *any* type of exposure (§ 3.311b(a)(2)(iii)), does the Secretary have statutory authority to establish by regulation an *exclusive* adjudication process for establishing direct service connection for radiogenic diseases based on radiation exposure which, as in the present case, did *not* result from the veteran's participation in atmospheric nuclear testing or the occupation of Hiroshima or Nagasaki? *See Combee v. Brown,* 5 Vet.App. 248, 255–57 (1993) (Steinberg and Kramer, JJ., dissenting from order denying en banc review). If so, what is that statutory authority?

(3) Is the Court in this case compelled by the Court's precedential opinion in *Combee* to hold (a) that 38 C.F.R. § 3.311b provides the exclusive basis for establishing service connection for conditions claimed to have resulted from in-service exposure to ionizing radiation under circumstances other than those specifically covered by Public Law 98–542 and (b) that the regulation, to the extent it does provide such an exclusive adjudicatory process as to radiation-exposure claims not covered by Public Law 98–542, is authorized under the Secretary's statutory authority (in 38 U.S.C.A. § 501(a) (West 1991)) to promulgate regulations "consistent with" title 38, U.S.Code?